IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01213-PSF-MJW

ALLSTATE INDEMNITY COMPANY,

Plaintiff(s),

v.

RICARDO E. SALAZAR, as Conservator and Guardian for
LEANN SALAZAR, an Incapacitated Person,

Defendant(s).

ORDER REGARDING
PLAINTIFF'S MOTION FOR EXAMINATION OF DEFENDANT LEANN SALAZAR
PURSUANT TO FED. R. CIV. P. 35 (DOCKET NO. 55)

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the court on Plaintiff's Motion for Examination of Defendant Leann Salazar Pursuant to Fed. R. Civ. P. 35 (docket no. 55).  The court has reviewed the subject motion, response (docket no. 68) and reply (docket no. 73).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law and order.

Plaintiff Allstate seeks an order from this court pursuant to Fed. R. Civ. P. 35(a) to allow Laetitia Thompson, PhD., a board-certified neuropsychologist,  to conduct neuropsychological testing and an examination of Defendant Leann Salazar.  In this case, Defendant Leann Salazar is seeking to recover an unlimited amount of enhanced

1

Personal Injury Protection ("APIP") benefits including medical expenses, rehabilitation expenses and wage loss payments for the rest of her life, under an automobile insurance policy issued by Plaintiff Allstate. Defendant Allstate filed the subject case to obtain a declaration that, based on newly-acquired information, intervening events affecting Defendant Leann Salazar's physical and mental condition, and developments in the law since the time it began paying APIP benefits to Defendant Leann Salazar, it is not obligated to continue paying benefits to her for the rest of her life.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A motion for a physical or mental examination of a party is not granted as of right and when the matter is contested, it is addressed to the sound discretion of the trial court. Great West Life Assur. Co. v. Levithan, 153 F.R.D. 74 (E.D. Pa. 1994). Under Fed. R. Civ. P. 35, a Defendant has the right to designate an examiner in the absence of a showing of bias or prejudice. Douponce v. Drake, 183 F.R.D. 565, 566 (D. Colo. 1998). Further, while a court may order multiple physical examinations of a party, a higher showing of cause is required to justify subsequent examinations. Furlong v. Circle Line Statue of Liberty Ferry, Inc., 902 F. Supp. 65 (S.D.N.Y. 1995).

Here, the court finds that Defendant Leann Salazar has filed an Answer and Counterclaims (docket no. 13). In such Counterclaims, Defendant Leann Salazar has placed her physical and psychological condition at issue and she seeks non-economic damages for "emotional distress, anger, aggravation, humiliation, loss of enjoyment, annoyance, and other harm and detriment." See Answer and Counterclaims, docket

no. 13 at 13 , paragraph b.  Moreover, Defendant Leann Salazar's argument that she has not placed her non-economic damages at issue since they are only a "garden variety type of non-economic claim" is without merit.  Furthermore, Defendant Leann Salazar's argument that Dr. Thompson could use prior similar evaluation information that was done between two and ten years ago is also without merit, noting that such information is outdated and stale.  Lastly, Defendant Leann Salazar's argument that Dr. Thompson is biased and has a conflict of interest in conducting a Fed. R. Civ. P. 35(a) examination is also without merit.  Accordingly, this court finds that Plaintiff Allstate has met the requirements of Fed. R. Civ. P. 35(a) and has demonstrated that Defendant Leann Salazar's mental and physical condition and alleged damages are "in controversy" and that "good cause" has been established to allow a IME pursuant to Fed. R. Civ. P. 35(a).  *See* Shlagenahuf v. Holder, 379 U.S. 104, 119 (1964).

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law, this court ORDERS:

1. That Plaintiff's Motion for Examination of Defendant Leann Salazar Pursuant to Fed. R. Civ. P. 35 (docket no. 55) is GRANTED;

2. That Defendant Leann Salazar, shall submit to an IME examination and testing with Laetitia Thompson, PhD., a board-certified neuropsychologist, on August 30, 2007, at the office of Dr. Thompson.  Plaintiff Allstate shall forthwith provide to Defendant

Leann Salazar's counsel, the address and telephone for Dr. Thompson's office. Plaintiff shall also forthwith provide to Defendant Leann Salazar's counsel, the time when such examination and testing will begin;

3. That the IME examination and testing with Dr. Thompson shall be limited to a maximum of eight (8) hours.  The parties may divide up the examination and testing over two days upon stipulation; and,

4. That each party pay their own attorney fees and costs for this motion.

Done this 23th day of August 2007.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. Magistrate Judge